# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **FREDERICK J. DUMONT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:15-CV-369-NT** |
| | ) | |
| **PEPSICO, INC.** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **PEPSICO ADMINISTRATION COMMITTEE** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' REPLY MEMORANDUM SUPPORTING THEIR MOTION TO DISMISS OR ALTERNATIVE MOTION TO TRANSFER VENUE

### Introduction

Defendants, PepsiCo, Inc. and the PepsiCo Administration Committee (hereinafter "Defendants"), filed a motion to dismiss or, in the alternative, to transfer venue to the United States District Court for the Southern District of New York.  Defendants established in their opening papers that:

1.    Plaintiff, Frederick Dumont ("Dumont") asserts a claim under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a), related to his participation in the PepsiCo Salaried Employees Retirement Plan ("Salaried Plan") and the PepsiCo Hourly Employees Retirement Plan ("Hourly Plan" and together with the Salaried Plan referenced as "Plans");

2.      Both the Salaried Plan and the Hourly Plan include express and unambiguous provisions that mandate that any claims and actions such as Dumont's be brought only in the United States District Court for the Southern District of New York;

3.      December 2010 Summaries of Material Modifications ("SMMs") for both Plans gave clear notice of these forum selection clauses (FSC) to participants;

4.      Courts have enforced the venue selection clauses of the Plans and similar clauses in other ERISA plans sponsored by PepsiCo, Inc. and no court has failed or refused to enforce the clauses;

5.      The vast majority of courts across the country – more than 25 -- including the only federal appellate court to address the issue, has enforced FSCs similar to the ones in the Plans; and

6.      At least one court within the First Circuit has held recently that the proper way to enforce a FSC is to file a motion to dismiss rather than a motion to transfer.

In "Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss or Transfer Venue" (Dkt. #7) (hereinafter "Opp."), Plaintiff does not contest or dispute any of these six assertions.  For these reasons, the Court should grant Defendants' motion.

<u>**Argument**</u>

**A.      *Dismissal Is Proper***

Dumont argues that the Court should not dismiss his Complaint, but at most transfer venue to the Southern District of New York.  To make this argument he relies upon *Atlantic Marine Construction Co. Inc. v. United States District Court for the Southern District of Texas*, _ U.S. _, 134 S.Ct. 568 (2013), a case he acknowledges did not even concern a Rule 12(b)(6) motion.  (Opp. at pp. 1-3)  He also acknowledges that in *Kebb Mgmt., Inc. v. Home Depot*

*U.S.A., Inc*., 59 F.Supp.3d 283, 287 (D. Mass. 2014), a case decided <u>after</u> *Atlantic Marine* and that discussed *Atlantic Marine*, the court held that a Rule 12(b)(6) motion to dismiss remains a proper vehicle to enforce a FSC in the First Circuit.  Dumont asserts that "*Kebb* got it wrong."

Dumont is incorrect that a Rule 12(b)(6) motion to dismiss is an improper mechanism to enforce an FSC in this Circuit.  In *Carter's of New Bedford, Inc. v. Nike, Inc.*, No. CIV.A. 13-11513-DPW, 2014 WL 1311750, at *2, n. 5 (D. Mass. Mar. 31, 2014) *aff'd,* 790 F.3d 289 (1st Cir. 2015) the court explained, quoting *Silva v. Encyclopedia Britannica Inc*., 239 F.3d 385, 387 (1st Cir. 2001), "Historically, in the First Circuit, 'a motion to dismiss based upon a forum-selection clause is treated as one alleging the failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6)'."  *See, also, Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009)("In this circuit, we treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6).")

## B.      The Plans' FSCs Are Enforceable

As Dumont concedes, the "vast majority" of federal courts deciding whether a FSC in an ERISA plan is enforceable, have held that it is.  (Opp. at p. 7)  Dumont asserts that all these many federal judges have "blindly applied" precedent when enforcing the FSC.  (Opp. at p. 7) He then proceeds to argue why he thinks all these judges got it wrong.

Dumont suggests, perhaps half-heartedly, that the Plans are contracts of adhesion and thus should not be enforced.  But then he concedes that in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) the United States Supreme Court enforced an FSC printed on the back of a cruise line ticket when the customer had absolutely no input in the terms of the contract.

9322220.1

Further, in *Schoemann ex rel. Schoemann v. Excellus Health Plan, Inc.,* 447 F.Supp.2d 1000, 1007 (D.Minn. 2006)[1] the court specifically rejected Dumont's argument:

> beneficiaries of employer-sponsored ERISA plans are generally not parties to the contract and play no role in negotiating the contract. But the contract nevertheless defines the rights and obligations of the plan administrator and the beneficiaries. In bringing this suit, the [plaintiffs] claim rights under the Plan . . . They must take the bad with the good.

In any event, courts have held that contractual FSCs, even when included in what might be contracts of adhesion, are to be enforced unless the resisting party can establish: (1) fraud or overreaching; (2) the resisting party would be denied his day in court; (3) the fundamental unfairness of the chosen law would deprive the resisting party of a remedy or (4) enforcement would contravene a strong public policy. *See, generally, Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 22 (1st Cir. 2009). Dumont does not allege any of these things in his Complaint and in his Opposition argues only that the FSC contravenes public policy. In making even this limited argument he is mistaken.

Dumont's "public policy" argument relies upon an Illinois district court opinion – *Coleman v. Supervalue, Inc. Short Term Disability Program*, 920 F.Supp.2d 901 (N.D. Ill. 2013).[2] He argues that this single Illinois judge "got it right" whereas the other 25 federal judges all "got it wrong." Not a single court has followed *Coleman* since its issuance in January 2013,

---

[1] In *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 187 L. Ed. 2d 529 (2013) the Supreme Court enforced a very shortened limitations period against an ERISA participant even though the participant in that case had not had any voice in negotiating the terms of the plan.

[2] The *Coleman* decision is replete with error. Space limitations do not allow Defendants to detail them all. But here is an example. The *Coleman* court stated that plans could achieve uniformity simply by including a choice of law provision rather than a venue provision. This statement is incorrect. A plan cannot require a court sitting in the First Circuit to apply federal law as it is interpreted in the Second Circuit simply by including a choice of law provision designating Second Circuit law as controlling. The *Coleman* court also lifted sentences from ERISA's legislative history entirely out of context.

9322220.1

but at least four courts have expressly rejected it including one sitting in the Northern District of Illinois. *Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 926 (6th Cir. 2014); *Mroch v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 14-CV-4087, 2014 WL 7005003, at *2 (N.D. Ill. Dec. 10, 2014); *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guarantee Plan*, 2 F. Supp. 3d 928, 932 (W.D. La. 2014); *Price v. PBG Hourly Pension Plan*, No. 12-15028, 2013 WL 1563573, at *1 (E.D. Mich. Apr. 15, 2013)

As Dumont notes, the *Coleman* court decided that ERISA was intended "to protect . . . the interests of participants in employee benefit plans" and thus when ERISA allowed for three possible venues, plan documents may not limit venue to fewer than those three because to do so would hamper the participant's ability to enforce his rights and thereby be contrary to ERISA's purpose. (Opp. at p. 6) This single sentence summarizes the entirety of Dumont's opposition to enforcement of the FSC. This assertion does not withstand scrutiny.

First, it is far too simplistic and even incorrect to suggest that every ERISA provision was drafted to benefit plan participants. As the Supreme Court acknowledged:

> vague notions of a statute's "basic purpose" are nonetheless inadequate to overcome the words of its text regarding the *specific* issue under consideration. See *Pension Benefit Guaranty Corporation v. LTV Corp.,* 496 U.S. 633, 646–647, 110 S.Ct. 2668, 2675–2676, 110 L.Ed.2d 579 (1990). This is especially true with legislation such as ERISA, an enormously complex and detailed statute that resolved innumerable disputes between powerful competing interests—**not all in favor of potential plaintiffs**.

*Mertens v. Hewitt Associates*, 508 U.S. 248, 261-62, (1993)(emphasis added).

Second, as several courts have found when rejecting this very argument, if Congress had believed strong public policy mandated allowing a plaintiff to select whatever venue he wished, it could easily have prohibited FSCs, either in 1974 when drafting ERISA or any time since then. Nowhere does ERISA (or any regulation) state either that FSC are prohibited or that a participant "must" or "shall" be allowed to bring suit in any of these three venues. The court in *Price,*

- 5 -

*supra,* held the FSC in the pension plan at issue in that case was enforceable.  Relying upon *Coleman*, the plaintiff filed a motion for relief from judgment, making the same argument as Dumont does here.  The district court denied the motion for rehearing explaining:

> Does *may* mean *cannot?*  The venue provision of the Employee Retirement Income Security Act of 1974 (ERISA) provides that an action *"may* be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2) (emphasis added).
>
> Plaintiff Greg Price asserts that this *may* means that the menu of options cannot be narrowed by private agreement.  This Court, in accord with the "vast majority" of courts to have considered the issue, cannot agree.
>
> . . . .
>
> The *may* of § 1132(e)(2) does not mean *cannot.*  Congress provided that an action *may* be brought in several venues.  Congress did not provide that private parties *cannot* narrow the options to one of these venues

2013 WL 1563573, at *2.

Moreover, courts have recognized that 29 U.S.C. § 502(e)(2) is not appreciably more expansive than the options available under the general *venue* statute.  *See Haughton, supra* at 934 (W.D. La. 2014); *Turner v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 7:14-CV-1244-LSC, 2015 WL 225495, at *11 (N.D. Ala. Jan. 16, 2015).  Yet, the Supreme Court has made clear that FSCs limiting venue in the face of the general venue statute do not violate public policy.  As these courts have explained, there is no reason to apply a different rule in ERISA.

Likewise, courts have long enforced arbitration agreements (a form of FSC) in ERISA plans and required ERISA participants to resolve their claims in arbitration rather than in a court sitting in one of the venues identified in ERISA.  As the *Haughton* court held, "Clearly, if ERISA does not prohibit parties from agreeing to arbitrate statutory ERISA claims outside of a judicial forum, *a fortiori* it does not prohibit parties from agreeing to resolve their dispute before a stipulated judicial forum."  *Haughton, supra., at* 934; *Turner, supra.* at * 11.

9322220.1

Dumont may argue that PepsiCo, Inc. had a fiduciary duty not to include a FSC clause in its plans.  (Opp. at p. 7)  Supreme Court precedent clearly and quickly disposes of this argument. When a plan sponsor drafts its employee benefit plans, it does not act in a fiduciary capacity. *Pegram v. Herdrich*, 530 U.S. 211, 226, (2000).

Dumont next relies on *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520 (11th Cir. 1987), claiming that it supports the argument that a plan may not include a FSC.  (Opp. at p. 8-9)  This reliance too is misplaced because: (1) the <u>sole</u> holding in *Arnold* was that Gulf Life had failed to assert a proper claim under ERISA § 502(a)(3) because it sought neither the "equitable relief" allowed by § 502(a)(3) nor to enforce the terms of the plan or ERISA; (2) the plan at issue in *Arnold* did not include an FSC and the *Arnold* court for good reason never addressed FSCs or, obviously, the enforceability of an FSC.  *See Turner*, *supra* at * 17; *Loeffelholz v. Ascension Health, Inc.*, 34 F. Supp. 3d 1187, 1192 (M.D. Fla. 2014); and (3) the *Arnold* court's discussion of ERISA's general purposes and legislative history, the only part of the *Arnold* decision even remotely relating to FSCs is purely *dicta*.

Dumont suggests that a FSC "may promote some uniformity within a particular plan, but that the cases cited by Defendants in their motion were decided in 18 different districts."  To be clear, PepsiCo, Inc. is <u>not</u> concerned about its plans being interpreted in uniformity with plans sponsored by other companies.  It seeks only uniformity in the administration of its own plans. The FSC, as Dumont acknowledges, advances such uniformity.

## <u>Conclusion</u>

For the foregoing reasons, the Court should either dismiss the case or transfer the case to the United States District Court for the Southern District of New York and award Defendants a reasonable attorneys' fee.

9322220.1

**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**

Date:   November 5, 2015                  By: */s/ Randall B. Weill*_____
                                         Randall B. Weill
                                         One City Center
                                         P.O. Box 9546
                                         Portland, ME 04112-9546
                                         (207) 791-3000 (TEL)
                                         (207) 791-3111 (FAX)
                                         rweill@preti.com


**THOMPSON COBURN LLP**

Date:   November 5, 2015                  By:   */s/ Richard J. Pautler, Esq*___
                                         Richard J. Pautler (pro hac vice)
                                         One US Bank Plaza – 28th Floor
                                         St. Louis, MO  63101
                                         (314) 552-6470
                                         (314) 552-7470 (fax)
                                         rpautler@thompsoncoburn.com

                                         Attorneys for Defendants

9322220.1

## <u>CERTIFICATE OF SERVICE</u>

     I, Randall B. Weill, hereby certify that I electronically filed Defendants' Reply Memorandum Supporting their Motion to Dismiss or Alternative Motion to Transfer Venue in this matter with the Clerk of Court and that service has been made on all those registered to receive service through the Court's ECF system in this matter.

     Dated at Portland, Maine this 5th day of November, 2015.


                        */s/ Randall B. Weill*_____
                        Randall B. Weill, Esq.


PRETI FLAHERTY
One City Center
P.O. Box 9546
Portland, Maine  04112-9546
(207) 791-3000

9322220.1